ROBERT SHANNON

*v.*

STATE OF ILLINOIS.

*Opinion filed April 27, 1921.*

GOVERNMENTAL FUNCTION—*State not liable for damages caused by an insurrection of inmates of its institutions.* The State is not liable for the torts of its officers, agents, or employees, or inmates of its institution.

SOCIAL JUSTICE AND EQUITY—*recommendation.* Under the facts and circumstances shown the Court recommends claimants demand to the Legislature for its consideration.

Edward J. Brundage, Attorney General, for State.

This is a claim filed by Robert Shannon of *Joliet, Will County, Illinois,* for damages by reason of the loss of machinery belonging to him. It appears that Mr. Shannon had a contract with the commissioners of the new State penitentiary for digging of certain sewer trenches and that the machinery necessary to fulfill this contract had been shipped to the Joliet penitentiary by the Elgin, Joliet and Eastern Railroad Company. While the machinery was on the penitentiary grounds and before it had been unloaded from the freight cars, a riot broke out among the inmates of the penitentiary and as a result numerous fires were started by the convicts. Among other property destroyed were the freight cars in which Mr. Shannon's machinery was placed and as a result of such fire the machinery was damaged, according to the claimant, almost wholly destroyed. The State through its Attorney General filed a demurrer to this claim on the grounds that the doctrine of *respondeat superior* is not applicable to the State and secondly in the presence of the Statutes the State is not liable for the torts of is officers, agents, inmates and employees. We are of the opinion that the contention of the State through its Attorney General, is correct and that the State as a matter of law is not responsible in this kind of an action.

It appears from the evidence offered, and from supplemental statement of claimant, that claimant is largely dependent upon the use of this machine for the support of himself and family, and that the loss has proved a great financial handicap; that he is an elderly gentleman and had no other means of a livelihood, and that he has almost been reduced to a point of bankruptcy by this loss, and that his wife has been committed to the Kankakee State Hospital for the insane.

It is the opinion of this Court that while it is not such a case as would be consistent with former cases before this Court wherein personal injury was sustained or death occurring owing to injury or accident while in the employ of the State, and therefore not within the rules

indicated in the class of cases which come under the head of social justice and equity, yet it is a case that commands public sympathy and consideration.

Therefore, this Court recommends this claim to the Legislature of the State of Illinois for their consideration, as this Court is of the opinion that it is without jurisdiction in the premises.